UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONS ROOF, LLC, *et al.*,
    Plaintiffs,

v.

CLAUDE J. CARNAHAN,
    Defendant.

No. 3:14-cv-1753 (JAM)

**RULING GRANTING SUMMARY JUDGMENT**

Plaintiff roofing companies bring this case against their former employee to seek compensation for his embezzlement of nearly $1 million in company funds. For the reasons set forth below, I will grant their motion for summary judgment and their principal claim for treble damages under Connecticut's statutory theft law.

**BACKGROUND**

Plaintiff Nations Roof, LLC ("Nations Roof") is an out-of-state limited liability company and is the majority owner and managing member of co-plaintiff companies, Nations Roof East, LLC ("East LLC"), Nations Roof New England, LLC ("New England LLC"), Nations Roof Virginia, LLC ("Virginia LLC") Nations Roof Florida, LLC ("Florida LLC"), and Nations Roof Carolina, LLC ("Carolina LLC"). Nations Roof hired defendant Claude Carnahan in 2003, and he served as Regional Controller—a bookkeeping and accounting position—for seven years from November 2007 through November 2014. From 2008 until his termination in 2014, defendant fraudulently issued checks from plaintiffs' corporate accounts to pay for his personal expenses. He concealed the fraud and stole a total of $984,057.09.

Plaintiffs filed this civil action against defendant, bringing common law claims of conversion and breach of fiduciary duty, as well a claim of statutory theft pursuant to Conn. Gen.

Stat. § 52-564. Defendant filed an answer substantially admitting all the allegations of the complaint against him with small exceptions, and he paid back a portion of the stolen funds totaling $115,636.62 in March 2015.[1] Plaintiffs have now moved for summary judgment on all three counts of the complaint.

## DISCUSSION

The Court may grant summary judgment pursuant to Fed. R. Civ. P. 56 if there is no genuine issue of fact for trial. Here, defendant has filed a response to plaintiffs' motion for summary judgment agreeing with plaintiffs that no genuine issue remains for trial. Even if a party does not oppose summary judgment, the Court must undertake its own review of the moving papers to ensure that no genuine issue of fact remains for trial. *See Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Moreover, the Court may deem claims or defenses to be abandoned if not pursued by a counseled party. *Id.* at 196. In addition, the Court must state on the record its reasons for granting or denying a summary judgment motion. *Ibid.* (citing Fed. R. Civ. P. 56(a)).

Based upon its review of the parties' submissions, the Court agrees with the parties that no genuine issue of fact remains for trial and that the undisputed facts suffice to establish defendant's liability for each of the counts alleged in the complaint and in the amounts set forth in plaintiffs' well-supported summary judgment filings. Although plaintiff seeks damages for each of the counts, I will limit the award of damages to ensure that the damages awarded are not duplicative. It is well established that "a litigant may recover just damages for the same loss only once" under Connecticut common law, *Chapman Lumber, Inc. v. Tager*, 288 Conn. 69, 111, 952

---

[1] Defendant filed an answer to plaintiffs' first amended complaint, Doc. #32, but did not answer plaintiffs' superseding second amended complaint, which added an additional plaintiff subsidiary company and included a slight downward revision of the damages estimate. *Compare* Doc. #28 *with* Doc. #37.

A.2d 1 (2008) (internal quotation marks and citation omitted), and "[a]lthough a plaintiff is entitled to allege alternative theories of liability in separate claims, he is not entitled to recover twice for harm growing out of the same transaction, occurrence or event," *Catalina v. Nicolelli*, 90 Conn. App. 219, 225, 876 A.2d 588 (2005) (citation omitted).

Because all three counts of the complaint are premised on the same incidents of theft, I will limit the award to the largest amount that is awardable as to any one of the counts—here, an award of treble damages for statutory theft as provided under Conn. Gen. Stat. § 52-564. I also exercise my discretion to award prejudgment interest, calculated at four percent per annum, to account for the time-value of the money that plaintiff stole. *See* Conn. Gen. Stat. § 37-3a(a); *Chapman*, 288 Conn. at 99–100; *see also Lauder v. Peck*, 11 Conn. App. 161, 167–68, 526 A.2d 539 (1987) (treble damages in cases of statutory theft applies to prejudgment interest award).

Accordingly, plaintiffs are entitled to receive three times the stolen amount ($984,057.09), *see* Doc. #41 at 3, less the amount subsequently returned by defendant ($115,636.62), *see* Doc. #42 at 4, equaling $2,605,261.41. They shall also receive $293,701.59 in prejudgment interest.[2] *See ALV Events Int'l v. Johnson*, 821 F. Supp. 2d 489, 498 (D. Conn. 2010) (noting that for statutory theft claims arising under § 52-564, "[p]rejudgment interest accrues on the trebled amount" (citation omitted)).

Plaintiffs have sought an additional award of punitive damages in an amount equal to the attorney's fees expended by plaintiffs in this case. Although the Court recognizes that punitive damages are not precluded by an award of treble damages, the Court believes that the award of treble damages is sufficient to fully compensate plaintiffs for the harm they suffered, particularly

---

[2] The prejudgment interest award is composed of interest that accrued on the trebled amount of total stolen monies as of March 31, 2015 ($270,289.77), plus the interest on the reduced amount after defendant's payments, calculated to accrue at $285.51 per diem between April 1, 2015, and June 22, 2015. *See* Doc. #41-1 at 2.

in light of the fact that defendant has not amplified plaintiffs' litigation costs by opposing summary judgment in this action. *See Hylton v. Gunter*, 313 Conn. 472, 485–86 & n.14, 97 A.3d 970 (2014) (indicating that Connecticut's common law punitive damages are intended to compensate victims for the costs of litigation "while avoiding the potential for injustice"). As a result, I do not exercise my discretion to award punitive damages.

CONCLUSION

Plaintiffs' motion for summary judgment (Doc. #39) is GRANTED. Judgment shall enter for plaintiffs and against defendant in the amount of $2,898,963.

It is so ordered.

Dated at Bridgeport this 22nd day of June 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge